UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES EARL WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05-CV-714 MLM |
| ) | |
| STATE OF MICHIGAN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of James Earl Wilson for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915 (a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (a).

**Title 28 U.S.C. § 1915 (e)**

Pursuant to 28 U.S.C. § 1915 (e) (2) (B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915 (e) (2) (B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff brings this action for monetary and injunctive relief against the State of Michigan, "State Police Department," and Michigan Department of Corrections. The allegations appear to concern a Michigan state criminal proceeding involving plaintiff's sexual misconduct.

A review of the instant action indicates that the complaint suffers from several defects. First, plaintiff states that the ground for filing this case in Federal Court is 18 U.S.C. § 242; however, this statute does not confer federal jurisdiction. Second, plaintiff has named three defendants in the caption of the complaint but, on page two, he names Jennifer Granholm as an additional defendant. Federal Rule of Civil Procedure 10(a) requires that the caption of the complaint include the names of all the parties. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"). Third, even if the Court were to construe the instant action as having been brought pursuant to 42 U.S.C. § 1983, the action would be dismissed as legally frivolous.  States and state departments of corrections are not suable entities.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983); Lair v. Norris, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002) (jails are not suable entities).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED**. See 28 U.S.C. § 1915 (a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915 (e) (2) (B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 19th day of May, 2005

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com